O

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| MARIA PEREZ, | ) Case No. CV 07-4100 RNB |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER REVERSING DECISION OF |
| | ) COMMISSIONER AND REMANDING |
| MICHAEL J. ASTRUE, | ) FOR FURTHER ADMINISTRATIVE |
| Commissioner of Social Security, | ) PROCEEDINGS |
| Defendant. | ) |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

As to the second disputed issue, the Court concurs with the Commissioner that the ALJ did provide legally sufficient reasons for rejecting plaintiff's subjective complaints. (See AR 16-17).

As to the first disputed issue, the Court deems plaintiff's failure to respond to the Commissioner's contention that judicial notice may properly be taken of the fact

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

that the state agency evaluator was a licensed physician as a concession to the correctness of the Commissioner's contention. However, the Court concurs with plaintiff that the ALJ should have recontacted plaintiff's treating source for a residual functional capacity assessment or at least sent plaintiff out for a consultative examination.

The ALJ has a special duty in social security cases "to fully and fairly develop the record and to assure the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "This duty exists even when the claimant is represented by counsel." Id. Here, the ALJ acknowledged that the record did not include any treating source opinions. (See AR 16). The Court finds that, without the benefit of an assessment by plaintiff's treating physician or even a consultative examiner of the functional limitations caused by the impairments as to which plaintiff had met her burden of producing evidence, the record was inadequate to allow for proper evaluation of the evidence.[2]

With respect to the issue of the appropriate relief, the law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Kail v. Heckler, 722 F.2d 1496,

---

[2] The cases cited by the Commissioner for a contrary proposition are distinguishable. In Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001), the issue was whether the ALJ had a duty to develop the record with respect to an undiagnosed condition. In Tonapetyan v. Halter, 242 F.3d 1144, 1150-51 (9th Cir. 2001), contrary to the Commissioner's characterization, the Ninth Circuit merely cited "keeping the record open after the hearing to allow supplementation of the record" as one of the ways in which the ALJ may discharge his duty to fully and fairly develop the record. There, the Ninth Circuit found that the ALJ had violated his duty where the ALJ had relied on the testimony of a medical expert who had recommended that a more detailed report from the claimant's treating physician be obtained. In Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998), the ALJ had voiced his concerns about the inadequacy of a form submitted by the claimant's treating physician and kept the record open so that it could be supplemented by the treating physician's responses.

1497 (9th Cir. 1984). Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 10, 2008

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE